(No. 75976.—

CINDY McCUEN *et al.*, Appellees, v. THE PEORIA PARK DISTRICT, Appellant.

*Opinion filed September 22, 1994.—Rehearing denied December 5, 1994.*

Judge & James, Ltd., of Park Ridge (Jay S. Judge, Kristine A. Karlin, Peter T. Sinnott, Charles D. Knell and David B. Collins, of counsel), and Quinn, Johnston, Henderson & Pretorius, Chrtd., of Peoria, for appellant.

Mark E. Wertz, of the Law Office of Jay H. Janssen, of Peoria, for appellees.

JUSTICE MILLER delivered the opinion of the court:

On July 4, 1989, Jennifer McCuen, one of the plaintiffs in this matter, was celebrating her birthday at W.H. Sommer Park in Peoria, Illinois. The park was owned and operated by defendant, Peoria Park District. As part of a "country birthday party," Jennifer and some of her friends planned to take a mule-drawn hayrack ride. A park district employee instructed the members of the birthday party to climb onto the hayrack. While the employee was harnessing the mules, he slapped a strap over the body of one of the mules, causing the mule team to suddenly bolt and run off with

the driverless hayrack. Several hayrack riders were thrown from the hayrack and sustained injuries.

Plaintiffs filed a complaint in the circuit court of Peoria County alleging in separate counts that the hayrack accident and subsequent injuries were caused by defendant's negligence and willful and wanton misconduct. Defendant filed a motion to dismiss the negligence counts with prejudice. The motion to dismiss was based on the immunity provisions of sections 3—106 and 3—109 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*). The trial judge denied defendant's motion and subsequently entered an order certifying the following two questions to the appellate court pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308):

"A. Is a local governmental entity immune from liability for negligent acts arising from a hayrack ride pulled by two mules which it operates on its own property under Ill. Rev. Stat. ch. 85, par. 3—106?

B. Is a local governmental entity immune from liability for negligent acts arising from a hayrack ride pulled by two mules which it operates on its own property under Ill. Rev. Stat. ch. 85, par. 3—109?"

The appellate court allowed an application for leave to appeal (134 Ill. 2d R. 308) and answered both certified questions in the negative (245 Ill. App. 3d 694). We granted defendant's petition for leave to appeal to this court (134 Ill. 2d R. 315).

### DISCUSSION

Section 3—109 of the Local Governmental and Governmental Employees Tort Immunity Act (Governmental Immunity Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*) deals with immunity for "hazardous recreational activit[ies]," such as animal racing, equestrian competition and rodeos (Ill. Rev. Stat. 1989, ch. 85, par. 3—109). The appellate court held that section

3—109 was not applicable to the hayrack ride involved in the present case, and defendant does not challenge that finding here. The sole issue before us, therefore, is whether the section 3—106 immunity provision protects defendant against a cause of action based on the negligent acts alleged in plaintiffs' complaint.

Section 3—106 provides as follows:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." Ill. Rev. Stat. 1989, ch. 85, par. 3—106.

In order to determine whether section 3—106 applies, the court must determine whether liability for the injury alleged is based on "the existence of a condition of any public property." If liability is not based on the existence of a condition of public property, section 3—106 does not apply. If, however, liability is based on the existence of a condition of public property, the court must then consider the cause of the dangerous condition. If the dangerous condition was caused by the negligence of a local public entity or a public employee, section 3—106 provides immunity for any resulting liability. If the dangerous condition was caused by the willful and wanton conduct, section 3—106 does not provide immunity.

Plaintiffs' complaint claims that a park district employee negligently handled a mule team. This negligence allegedly caused the mule team to bolt, which in turn led to plaintiffs' injuries. The appellate court held that section 3—106 did not provide immunity for the negligence alleged in plaintiffs' complaint because plaintiffs' complaint was based solely on the negligent conduct of

the park district employee and not on the condition of public property.

Defendant contends that section 3—106 is broad enough to encompass the negligence asserted in plaintiffs' complaint. Defendant claims that the negligence of the park district employee resulted in plaintiffs' being passengers in a driverless hayrack. Defendant asserts that the driverless hayrack constituted a condition of public property upon which liability is based within the meaning of section 3—106.

We do not believe that a driverless hayrack is a condition of public property within the meaning of section 3—106. Plaintiffs do not claim that the hayrack itself was dangerous, defective or negligently maintained, only that the mule team was not handled properly by the park district employee. The handling of the mule team does not relate to the condition of the hayrack itself. If otherwise safe property is misused so that it is no longer safe, but the property itself remains unchanged, any danger presented by the property is due to the misuse of the property and not to the condition of the property.

We are cognizant of this court's decision in *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501. In *Burdinie*, the plaintiff injured his legs and back when he jumped into the shallow end of a swimming pool at the direction of a swimming instructor employed by the defendant. Plaintiff sought recovery in tort for his injuries. This court acknowledged that plaintiff pleaded no facts which indicated that defendant had failed to maintain the swimming pool in a reasonably safe manner. (*Burdinie*, 139 Ill. 2d at 512.) Nevertheless, the court held that section 3—106 precluded liability for defendant's negligence because plaintiff failed to allege willful or wanton conduct. *Burdinie*, 139 Ill. 2d at 512.

In *Burdinie*, the court applied section 3—106 immu-

130

nity against liability that was based solely on the negligent conduct of a public employee. The swimming instructor's negligence was unrelated to the condition of the swimming pool. We find here that section 3—106 provides immunity only where liability is based on the condition of public property. Accordingly, to the extent that *Burdinie* is inconsistent with this opinion, we now overrule *Burdinie.*

## CONCLUSION

Plaintiffs seek to impose liability based on the negligent conduct of a park district employee. The claimed liability, however, is based on the alleged negligence of an employee and not on the existence of a condition of public property within the meaning of section 3—106. Section 3—106, therefore, does not apply. Accordingly, we answer certified question "A" in the negative, and affirm the appellate court.

*Affirmed.*