# Illinois Official Reports

## Appellate Court

---

### *Bentley v. Hefti*, 2015 IL App (4th) 140167

---

| | |
|---|---|
| Appellate Court Caption | RANDY W. BENTLEY, d/b/a BENTLEY CONSTRUCTION, Plaintiff-Appellee, v. CHARLES HEFTI and MARION HEFTI, Defendants-Appellants. |
| District & No. | Fourth District<br>Docket No. 4-14-0167 |
| Filed | June 2, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Macoupin County, No. 12-LM-58; the Hon. Patrick J. Londrigan, Judge, presiding. |
| Judgment | Certified question answered; cause remanded. |
| Counsel on Appeal | Martin Buckley (argued), of Buckley & Buckley LLC, of St. Louis, Missouri, for appellants.<br><br>Aaron E. Bellm (argued), of Kasten, Ruyle, Sims & Bellm, P.C., of Carlinville, for appellee. |

| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Knecht and Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1    In May 2012, plaintiff, Randy W. Bentley, filed a three-count complaint against defendants, Charles and Marion Hefti, seeking money damages for allegedly uncompensated construction services plaintiff performed for defendants in 2010. On August 28, 2013, plaintiff filed a "Motion for Leave to Add Count[s] IV and V." Attached to that motion was a document entitled "Supplement to the Complaint to Add Count[s] IV and V," in which plaintiff alleged that almost a year earlier, on August 29, 2012, defendant Marion Hefti published defamatory statements against plaintiff. The trial court set the motion for a September 26, 2013, hearing, at which the court granted plaintiff leave to file the purported supplemental complaint *instanter*. Thereafter, in October 2013, Marion filed a motion to dismiss the purported supplemental complaint, arguing that it was time barred by the one-year statute of limitations for defamation, which had expired on August 29, 2013. See 735 ILCS 5/13-201 (West 2012). The court denied Marion's motion to dismiss.

¶ 2    In December 2013, Marion filed this interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), which calls upon us to answer the following certified question:

> "If a motion for leave to file a supplemental complaint pursuant to [section 2-609 of the Code of Civil Procedure (735 ILCS 5/2-609 (West 2012))] is filed with the proposed supplemental complaint attached before the expiration of the statute of limitations, but leave of court is not obtained to file such supplemental complaint until after the statute of limitations has expired, is the new cause of action stated in the supplemental complaint time barred?"

For the reasons that follow, we answer the certified question in the affirmative and remand for further proceedings.

¶ 3                              I. BACKGROUND

¶ 4    The following pertinent facts, which we have gleaned from the parties' pleadings and supporting exhibits, are fairly straightforward.

¶ 5    In his initial May 2012 complaint against defendants, plaintiff sought to recover approximately $13,250 from defendants under alternative theories of (1) breach of contract, (2) account stated, and (3) unjust enrichment. The dispute concerned defendants' alleged failure to pay for construction services plaintiff's company performed on defendant's roof and deck in the summer of 2010.

¶ 6    On August 29, 2012, Marion sent identical letters to two law offices in Carlinville, Illinois, describing the two-year "nightmare" she and Charles experienced since doing business with plaintiff's construction company. According to her letter, Marion found plaintiff's operation so crooked and inept that she reported him to the Illinois Department of Financial and

Professional Regulation, contacted the Illinois Attorney General, requested the Macoupin County State's Attorney to press criminal charges, and even wrote her Congressman. After describing the actions she took against plaintiff, Marion urged the law offices to help end corruption in state agencies and courts, which Marion viewed as unwilling to bring plaintiff to justice.

¶ 7 On August 28, 2013, one day before the expiration of the one-year statute of limitations for plaintiff's defamation claims against Marion, plaintiff filed (under the same case number as his May 2012 complaint against defendants) a motion for leave to file a supplemental complaint pursuant to section 2-609 of the Code of Civil Procedure (Code) (735 ILCS 5/2-609 (West 2012)). In the motion–to which plaintiff attached the purported supplemental complaint–plaintiff sought "an order granting leave to file a supplement to the complaint *instanter* adding counts IV and V." (Plaintiff alleged two separate, but identical, counts of defamation against Marion because two separate law offices received Marion's letter.) The day plaintiff's attorney filed the motion at the courthouse, he went to the trial judge's chambers to request that the motion be granted *ex parte*. The trial judge denied that request.

¶ 8 As already stated, at a September 26, 2013, hearing, the trial court granted plaintiff's motion for leave to file the supplemental complaint *instanter*, which resulted in the purported supplemental complaint being filed that day. (Plaintiff does not dispute that the purported supplemental complaint was filed on September 26, 2013.)

¶ 9 In October 2013, Marion filed a motion to dismiss plaintiff's purported supplemental complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)), arguing that the supplemental complaint was barred by the statute of limitations set forth in section 13-201 of the Code (735 ILCS 5/13-201 (West 2012)). In December 2013, the trial court denied Marion's motion to dismiss.

¶ 10 Later in December 2013, Marion filed a motion to certify a question of law for interlocutory review pursuant to Rule 308. In February 2014, the trial court certified the question for interlocutory review. In April 2014, this court denied defendants' application for leave to appeal pursuant to Rule 308. *Bentley v. Hefti*, No. 4-14-0167 (Apr. 2, 2014) (denying petition for leave to appeal). However, in November 2014, the supreme court entered a supervisory order directing this court to vacate its April 2014 denial of defendants' application for leave to appeal and "resolve the appeal on its merits." *Bentley v. Hefti*, No. 117653 (Ill. Nov. 4, 2014) (nonprecedential supervisory order directing *vacatur* and consideration on merits).

¶ 11 In accordance with the supreme court's supervisory order, we vacate our earlier decision in this case and answer the certified question.

¶ 12 II. ANALYSIS

¶ 13 The trial court certified the following question:

"If a motion for leave to file a supplemental complaint pursuant to [section 2-609 of the Code (735 ILCS 5/2-609 (West 2012))] is filed with the proposed supplemental complaint attached before the expiration of the statute of limitations, but leave of court is not obtained to file such supplemental complaint until after the statute of limitations has expired, is the new cause of action stated in the supplemental complaint time barred?"

¶ 14 "The scope of review in an interlocutory appeal brought under Rule 308 is limited to the certified question." *Spears v. Association of Illinois Electric Cooperatives*, 2013 IL App (4th) 120289, ¶ 15, 986 N.E.2d 216. "Certified questions, by definition, are questions of law that this court reviews *de novo.*" *Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9, 978 N.E.2d 1050.

¶ 15 The statute of limitations at issue in this case provides that actions for defamation "shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-201 (West 2012). Accordingly, to answer the certified question, we must determine whether the filing of a motion for leave to file a supplemental complaint constitutes the *commencement of the action* set forth in the attached supplemental complaint. We conclude that it does not.

¶ 16 Section 2-609 of the Code provides that "[s]upplemental pleadings, setting up matters which arise after the original pleadings are filed, may be filed within a reasonable time by either party *by leave of court* and upon terms." (Emphasis added.) 735 ILCS 5/2-609 (West 2012). By its plain terms, section 2-609 of the Code requires a party to obtain leave of court to file a supplemental pleading. In other words, unless and until leave of court is granted, a supplemental pleading is not considered filed. We can think of no other reasonable interpretation of section 2-609 of the Code, and our research has uncovered no case law setting forth a different interpretation.

¶ 17 Section 2-201(a) of the Code provides that "[e]very action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." 735 ILCS 5/2-201(a) (West 2012). Because an action must be "commenced" within the limitations period (735 ILCS 5/13-201 (West 2012)), and an action is "commenced by the filing of a complaint" (735 ILCS 5/2-201(a) (West 2012)), a motion for leave to file a supplemental complaint–which by its very nature admits that the supplemental complaint is not yet filed–does not toll the statute of limitations. Put another way, we answer the certified question in the affirmative.

¶ 18 As a final matter, we note that plaintiff contends in this appeal, as the lead argument in his brief, that the trial court "erred in failing to consider plaintiff's Motion for Leave to Add Counts IV and V as an emergency motion and enter an order granting leave on an *ex parte* basis." Although this claim is not properly before this court because (among other reasons) the scope of our review under Rule 308 is limited to the certified question (*Spears*, 2013 IL App (4th) 120289, ¶ 15, 986 N.E.2d 216) and plaintiff did not appeal this alleged error, we nonetheless note the complete lack of evidence that an actual emergency existed. The so-called "emergency" plaintiff claims he encountered was the imminent expiration of the limitations period. However, by our count, plaintiff had 364 days' advance warning of this event and the exact date on which it would occur. A party is not entitled to emergency *ex parte* relief simply because he waited until the last minute to put together a pleading.

¶ 19 Indeed, plaintiff could have easily avoided this predicament. Throughout this opinion, we have referred to plaintiff's defamation pleading as a *purported* supplemental complaint because it in no way "supplemented" plaintiff's original complaint, which set forth claims that were completely unrelated (at least in any relevant *legal* sense) to plaintiff's defamation claims. Although plaintiff might have incurred an additional filing fee by bringing his defamation claims in a freestanding, separate complaint, his doing so would have instantaneously commenced the defamation action inside the limitations period and preserved his claims for a potential adjudication on the merits. Instead, plaintiff all but guaranteed that his defamation complaint would not be filed within the limitations period when he opted to

- 4 -

proceed under section 2-609 of the Code–a relatively arcane pleading statute that carries the additional burden and delay of obtaining leave of the court.

¶ 20                                    III. CONCLUSION

¶ 21        For the reasons stated, we answer the certified question in the affirmative and remand for further proceedings.

¶ 22        Certified question answered; cause remanded.