635 N.E.2d 744 (1994)
263 Ill. App.3d 774
200 Ill.Dec. 405
Carol McKINNON, Special Administrator of the Estate of Kevin B. Spletter, deceased, and Carol McKinnon, Alvin E. Spletter, Calvin M. Spletter, Delwin D. Spletter, Brian McKinnon, and Marilyn M. Spletter, individually, Plaintiffs-Appellants,
v.
NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA, a Municipal Corporation, and Paul T. Rowland, Defendants-Appellees.
No. 1-92-2514.
Appellate Court of Illinois, First District, Sixth Division.
May 13, 1994.
*745 Edward L. Osowski, Chicago, for appellants.
Michael Schneiderman, Raymond E. Belstner, Chicago, for Northeast Illinois Regional Commuter R. Corp.
Justice McNAMARA delivered the opinion of the court:
Plaintiffs, Carol McKinnon, individually and as special administrator of the estate of Kevin B. Spletter, and Alvin E. Spletter, Calvin M. Spletter, Delwin D. Spletter, Brian McKinnon and Marilyn M. Spletter, filed this action against defendants, Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra, and Paul T. Rowland. They sought recovery for the death of the decedent, Kevin B. Spletter, who was struck and killed by a train owned by Northeast and operated by Rowland on a right-of-way and stretch of track owned and maintained by Northeast. Pursuant to section 2-615 of the Illinois Code of Civil Procedure, plaintiffs' complaint was dismissed with prejudice for failure to state a claim upon which relief could be granted. Plaintiffs appeal.
Plaintiffs alleged in their complaint that on August 21, 1988, the decedent "was crossing [a] right-of-way and tracks owned, managed, maintained and controlled by defendant, NORTHEAST, in the area approximately one quarter mile southeast of Route 134 at Porter crossing in Round Lake Park, Illinois[,]" when he was struck and killed by a train "owned, operated and maintained by defendant NORTHEAST" and operated by engineer Rowland.
In paragraphs 4, 5, and 6 of count I of their complaint, plaintiffs alleged as follows:
"4. At all times pertinent hereto, the defendant's right-of-way mentioned was in a densely populated area, easily accessible to the public, and particularly accessible and inviting to persons conducting business or engaging in recreational or general activities who found it necessary to cross *746 the tracks in the area in the general conduct of their life and activities.
5. The defendant, NORTHEAST, for a long time prior to the date in question permitted and allowed residents and other persons to come upon and cross its easily-accessible right-of-way, and it became the custom and habit of persons to walk onto, upon and across the right-of-way and that as a result there were numerous regular well-worn paths on the right-of-way and its embankments on either side of the tracks leading to and from various business establishments and homes. The defendant, NORTHEAST, either knew of the aforesaid custom and the existence of the paths in question or in the exercise of ordinary care and caution should have had notice thereof.
6. At the time and place mentioned there was neither a fence or barrier, nor any other method adopted or devised by defendant NORTHEAST to prevent persons from crossing the tracks or right-of-way and its embankments, although at little expense to said defendant, adequate measures could have been adopted to keep persons from the right-of-way."
In paragraph 10, plaintiffs alleged that:
"10. The defendant, NORTHEAST, was then and there guilty of one or more of the following negligent acts or omissions:
(a) Failed to blow the whistle or ring the bell thereon, or otherwise to sound any warning, of the approach of said locomotive and train;
(b) Failed to keep a proper, or any, lookout for pedestrians who might be crossing its tracks on said paths;
(c) Failed to stop said locomotive and train when it discovered, or in the exercise of ordinary care would have discovered, that decedent was in a position of peril;
(d) Maintained the headlight upon said locomotive in a dim and weak, or defective condition;
(e) Operated said locomotive and train toward and across said paths at a high and dangerous rate of speed;
(f) Failed to keep a reasonably careful lookout for the presence of persons, including decedent, on said tracks and right-of-way, although defendant knew or in the exercise of reasonable care should have known that persons were in the habit of, and were permitted to, walk upon and cross said tracks and right-of-way;
(g) Failed to erect or maintain any type barrier whatsoever which would have prevented persons known to come upon and cross the tracks and right-of-way from coming upon and crossing same;
(h) Failed to take any steps to prevent persons known to come upon and cross the tracks and right-of-way from coming upon and crossing same;
(i) Caused and allowed to exist the crossing paths that went upon and over the tracks and right-of-way, which paths impliedly invited pedestrians and the decedent to come upon and cross their tracks and right-of-way[.]"
Plaintiffs alleged that as a "direct and proximate result of one or more of the foregoing negligent acts or omissions" committed by Northeast, the decedent was struck and killed. Count I sought recovery from Northeast for the decedent's death.
In count II, plaintiffs sought recovery from Rowland for his "negligent acts or omissions," which mirrored those described in paragraphs 10(a) through 10(f) of count I, except that paragraph 10(d) was changed to read: "Operated the headlight upon said locomotive in a dim and weak, or defective condition." All the other allegations contained in count I against Northeast were realleged in count II against Rowland.
In count III, plaintiffs prayed for money damages of $5,000 against Northeast to cover medical, hospital and funeral expenses incurred as a result of its alleged negligent acts and omissions, and in count IV, plaintiffs prayed for damages against both Northeast and Rowland for loss of society and various other categories of injury.
The trial court held that because the decedent was a trespasser, defendants had a duty *747 only to refrain from willful and wanton misconduct, and since plaintiffs' complaint alleged only negligence, dismissal of the complaint was the proper course. The court granted plaintiffs leave to amend their complaint to allege willful and wanton misconduct, but plaintiffs chose to stand on their initial complaint. Accordingly, the trial court dismissed plaintiffs' complaint with prejudice.
It is well-settled that "[a] trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover." (Burdinie v. Village of Glendale Heights (1990), 139 Ill.2d 501, 504, 152 Ill.Dec. 121, 124, 565 N.E.2d 654, 657.) "When the legal sufficiency of all or part of a complaint is challenged by a section 2-615 motion to strike or dismiss, all well-pleaded facts in the attacked portions of the complaint are to be taken as true [citation], and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted." Burdinie, 139 Ill.2d at 505, 152 Ill.Dec. at 124, 565 N.E.2d at 657.
Defendants contend that since the decedent was an "adult trespasser," their only duty was to refrain from engaging in willful and wanton misconduct, and since such conduct was not alleged in plaintiffs' complaint, dismissal of the complaint was proper. Plaintiffs do not dispute that the decedent was a trespasser on Northeast's right-of-way when he was struck and killed by the train operated by Rowland; indeed, plaintiffs acknowledged in their complaint that the decedent was not at an officially designated crossing when he was hit. Plaintiffs also do not dispute the general rule that "a railroad company owes no duty to a trespasser except to refrain from wantonly or willfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril." (Rodriguez v. Norfolk and Western Ry. Co. (1992), 228 Ill.App.3d 1024, 1038-39, 170 Ill.Dec. 708, 718, 593 N.E.2d 597, 607.) Plaintiffs argue, however, that the facts as alleged in their complaint fall under one of three exceptions to the rule of no duty to a trespasser which has come to be known as the permissive use or frequent trespass exception. Lee v. Chicago Transit Authority (1992), 152 Ill.2d 432, 178 Ill.Dec. 699, 605 N.E.2d 493; Miller v. General Motors Corp. (1990), 207 Ill.App.3d 148, 152 Ill.Dec. 154, 565 N.E.2d 687.
Under this exception, a landowner is liable for injuries to a trespasser proximately caused by its failure to exercise reasonable care in the course of its activities, where the landowner "knows, or should know from facts within his knowledge, that trespassers are in the habit of entering his land at a particular point or of traversing an area of small size." (Miller v. General Motors Corp., 207 Ill. App.3d at 155,152 Ill.Dec. at 158, 565 N.E.2d at 691; Restatement (Second) of Torts § 334 (1965).) In Miller, the court observed:
"[This and other] exceptions have developed because of the concern that human safety ought to be more important than the landowner's interest in unrestricted freedom to use his own land as he sees fit. This view is especially prevalent in cases in which the burden on the landowner and the expense in taking precautions to prevent harm are not great. [Citation.] If that burden is very slight, and if the risk of harm to the trespasser is correspondingly great, some commentators have found good reason to hold the landowner liable for injuries sustained on his land by the trespasser. This rule applies mostly in the case of frequent trespass upon a limited area. [Citation.]" (Emphasis added.) 207 Ill.App.3d at 155, 152 Ill.Dec. at 158, 565 N.E.2d at 691.
With respect to the permissive use/frequent trespass exception, the Miller court further observed:
"A typical case is the frequent use of a `beaten path' that crosses a railroad track, which is held to impose a duty of reasonable care as to the operation of trains. [Citation.] * * * Liability has been extended in such cases because the landowner's continued toleration of the trespass amounts to permission to make use of the land, so that the plaintiff is not a trespasser but a licensee. [Citation.] While it is *748 true that a failure to object may amount to tacit permission, the mere fact the landowner does not take burdensome and expensive precautions to keep trespassers out, which may well be futile, should not in itself indicate that he is willing to have them enter. [Citation.] The real basis of liability to such `tolerated intruders' would seem to be only the ordinary duty to protect another, where the harm to be anticipated from a risk for which the defendant is responsible outweighs the inconvenience of guarding against it. [Citation]." (Emphasis added.) 207 Ill.App.3d at 155-56, 152 Ill.Dec. at 158, 565 N.E.2d at 691.
Illustration 3 accompanying section 334 of the Restatement (Second) of Torts provides a pertinent example of the sort of instance in which the permissive use/frequent trespass exception might allow a plaintiff to recover:
"3. The A Railway Company has knowledge of the fact that the inhabitants of the town of X have so persistently used a part of the right of way parallel to its track as a means of reaching their homes that they have worn a beaten path beside the track. This path is at a point where the tracks curve sharply, and it is so close to the tracks as to make its use dangerous while trains are passing. B, one of the inhabitants of the town of X, is walking along the path on his way home from the station. A locomotive of the A Company is driven around the curve at a high rate of speed in the same direction as that in which B is walking, without a headlight and without ringing its bell. It strikes B. The A Railway Company is subject to liability to B." (Emphasis added.) Restatement (Second) of Torts § 334, at 188 (1965).
Recently, in Lee v. Chicago Transit Authority (1992), 152 Ill.2d 432, 446-47, 178 Ill.Dec. 699, 705, 605 N.E.2d 493, 499, our supreme court cited section 334 of the Restatement with approval, and reiterated the "long recognized" (see, e.g., Bernier v. Illinois Central R.R. Co. (1921), 296 Ill. 464,129 N.E. 747; Shine v. Wabash R. Co. (1956), 8 Ill.App.2d 521, 132 N.E.2d 41; McDaniels v. Terminal R. Ass'n. of St. Louis (1939), 302 Ill.App. 332, 23 N.E.2d 785) permissive use/frequent trespass exception to the general rule of no duty to trespassers. It is apparent from the court's recent reference to the exception that, contrary to defendants' contention, the exception remains good law in Illinois.
Defendants argue, however, that the exception applies only to minor trespassers, and not to trespassers who are adults, as was the decedent in the present case. Defendants cite no authority for this proposition, and our research has revealed no such limitation. While it may in fact be true that the exception is most often applied in cases involving minor plaintiffs, we see no reason under the law why an adult trespasser could not also avail himself of the exception under appropriate circumstances.
Applying the permissive use/frequent trespass exception to the present case, we hold that the trial court erred in dismissing plaintiffs' complaint for failure to state a cause of action. Accepting as true the well-pleaded facts contained in the complaint, we conclude that the allegations, when interpreted in the light most favorable to plaintiffs, are sufficient to set forth a cause of action for negligence under the exception. The complaint alleged a particular right-of-way extending through a densely-populated village that was easily accessible to the public and inviting to persons conducting business or engaging in recreational activities nearby. The complaint also alleged that defendants permitted and allowed village residents and others to come upon and cross this limited right-of-way and accompanying stretch of track such that it became the custom and habit of persons to do so. Further, the complaint alleged that as a result of this established custom, numerous and well-worn pathways on the right-of-way were created which were known to or in the exercise of ordinary care should have been known to defendants. In view of these allegations, dismissal of plaintiffs' complaint was error.
For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, *749 and the cause is remanded for further proceedings.
Judgment reversed and remanded.
EGAN, P.J., and RAKOWSKI, J., concur.