FIFTH DIVISION
March 10, 2006

No. 1-05-0002

| | | |
|---|---|---|
| SHANICA NELSON, a minor by her mother and next friend, NANNETTE NELSON, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Respondents, | ) ) | |
| v. | ) ) | No. 03 L 11510 |
| NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, | ) ) ) ) | Honorable |
| Defendant-Petitioner. | ) ) | Diane J. Larson, Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

The 15-year-old plaintiff, Shanica Nelson, filed suit against defendant METRA and

Edward A. Trulley, defendant's train engineer, to recover for injuries sustained when she was

struck by a passenger train while trespassing on defendant's railroad tracks. Plaintiff alleged that

defendant was negligent in its operation of the train and its failure to maintain sufficient fences

or barriers to prevent trespassing on the railroad right-of-way and train tracks. Defendant filed a

motion for summary judgment on two main grounds: (1) defendant owed plaintiff no duty for the

open and obvious danger of being struck by a train; and (2) defendant owed plaintiff no duty

because she was not an intended and permitted user of the tracks. The trial court denied

defendant's motion for summary judgment and certified the following two questions for review

pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308):

"(1) Is the risk of crossing a railroad track on which trains may be operating an

open and obvious peril for which a railroad/operator owes no duty of care, regardless of

the legal status of the individual crossing the track?

(2) Under §3-102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) [(745 ILCS 10/3-102(a) (West 2002))], does a local public entity's duty to exercise ordinary care to maintain its property in a reasonably safe condition for 'intended and permitted users' apply only to passive conditions of the premises or does such duty also apply to activities or operations conducted on the premises by the local public entity?"

For the reasons that follow, we hold that: (1) any open and obvious risk in crossing the railroad track did not negate the defendant's duty toward plaintiff under the frequent trespass doctrine; and (2) section 3-102(a) immunity applies where the injured party was not an intended and permitted user of the property and the injury arises from the condition of the property.

I. Facts

Defendant owns a stretch of tracks for north and southbound trains between 119th Street and 115th Street in Chicago. These tracks are located in a densely populated area and run alongside and adjacent to the backyards of numerous single-family homes. Morgan Park High School is located in the area, and children were in the habit of crossing and walking upon defendant's tracks.

At her discovery deposition, plaintiff testified that on September 2, 1999, she watched her boyfriend participate in football practice after school. After football practice ended, plaintiff began walking home with her boyfriend. While walking home, they came to a grassy field that has a path where all the kids walk.

Plaintiff testified that she stopped to talk to some friends in the grassy field. Plaintiff then saw another friend, Shakita Green, and they walked along the path together toward the railroad tracks. Plaintiff and Shakita followed the path to the end where the rocks begin by the tracks. Plaintiff glanced down the tracks, looking both ways. When she looked to her right, plaintiff saw a light from a train in the distance. Plaintiff thought that the train was stopped, and she and her friend continued walking. Plaintiff then entered the rocky area by the tracks. The path plaintiff used goes all the way up to the tracks. Plaintiff used this path and crossed the tracks everyday on her commute to and from school.

Plaintiff testified that she and Shakita walked across the first set of tracks and then crossed the second set of tracks. After crossing the second set of tracks, plaintiff proceeded to walk along the ends of the railroad ties toward a point where the path continues on the other side of the tracks. Plaintiff walked on five railroad ties, and when she reached the fifth railroad tie, plaintiff heard Shakita yell "watch out." Plaintiff turned to look over her shoulder and the train was right there. Plaintiff admitted that her mother warned her about trains when she was younger, but that as she grew older, she began to take the short-cut with her friends on a daily basis because she had observed adults and kids using the path.

Plaintiff filed a complaint alleging that Edward Trulley, the locomotive engineer, negligently failed to maintain a proper lookout for pedestrians; failed to give adequate warning with the horn and bell; failed to slow down or stop the train; and operated the train too fast for conditions. The complaint further alleges that defendant METRA is directly liable for failing to erect a fence at this location to prevent trespassers from crossing the tracks.

No. 1-05-0002

Defendant brought a motion for judgment on the pleadings, contending that section 3-102 of the Tort Immunity Act immunized it from liability to plaintiff. The trial court denied the defendant's motion for judgment on the pleadings. Defendant then petitioned the appellate court to certify the issue as an important question of law for an interlocutory appeal pursuant to Supreme Court Rule 308. The appellate court entered an order granting leave to appeal, but later vacated the order on the basis that the question of immunity was premature and should not be addressed until the trial court determines whether defendant owed plaintiff a duty. See Nelson v. Northeast Illinois Regional Commuter R.R. Corp., d/b/a METRA, No. 1-02-1923 (2003) (unpublished order under Supreme Court Rule 23). The appellate court remanded the cause to the trial court with directions to first determine whether a duty exists, and then recertify the tort immunity question if necessary.

On remand, defendant moved for summary judgment on the basis that it owed plaintiff no duty of care because she possessed the age and maturity to appreciate the risk of crossing the tracks. Defendant also contended that it was immunized from liability under section 3-102(a) of the Tort Immunity Act. In response, plaintiff argued that her cause of action was based on the "frequent trespass" doctrine, which does not require her to plead and prove that she was unable to appreciate the risks in order to establish a duty of care. Plaintiff also contended that section 3-102(a) did not immunize defendant from liability for the allegedly negligent operation of the train on the tracks. The trial court denied the defendant's motion for summary judgment and certified two questions relating to whether defendant owed plaintiff a duty of care and whether section 3-102(a) immunizes defendant from liability to plaintiff.

No. 1-05-0002

II. Certified Question No.1

The first certified question asks whether "the risk of crossing a railroad track on which trains may be operating [is] an open obvious peril for which a railroad/operator owes no duty of care, regardless of the legal status of the individual crossing the track."

"Generally, the rule in Illinois is that a landowner owes a trespasser only the duty to refrain from willfully or wantonly injuring him." Lee v. Chicago Transit Authority, 152 Ill. 2d 432, 446 (1992). Plaintiff contends, though, that the facts as alleged in her complaint fall within the frequent trespass exception. Under this exception, a landowner is liable for injuries to a trespasser proximately caused by its failure to exercise reasonable care in the course of its activities, where the landowner knows, or should know, that trespassers habitually enter its land at a particular point or traverse an area of small size. McKinnon v. Northeast Illinois Regional Commuter R.R. Corp., 263 Ill. App. 3d 774, 777 (1994).

Defendant contends that, even assuming the frequent trespasser exception applies, it owed no duty to plaintiff for the open and obvious danger of being struck by a train. In support, defendant cites the doctrine established by our supreme court in Kahn v. James Burton Co., 5 Ill. 2d 614 (1955) (the Kahn doctrine). Under the Kahn doctrine, a duty will be imposed on landowners or persons in possession or control of premises for personal injuries suffered by a child on the premises if: (1) the landowner or other occupier of land knows or should know that children frequent the premises; and (2) if the cause of the child's injury was a dangerous condition on the premises. Kahn, 5 Ill. 2d at 625; Corcoran v. Village of Libertyville, 73 Ill. 2d 316, 326 (1978); Jakubowski v. Alden-Bennett Construction Co., 327 Ill. App. 3d 627, 633

No. 1-05-0002

(2002). A dangerous condition "is one which is likely to cause injury to the general class of children who, by reason of their immaturity, might be incapable of appreciating the risk involved." Corcoran, 73 Ill. 2d at 326. The Kahn doctrine does not impose a duty on owners or occupiers of land to remedy conditions involving obvious risks that children would be expected to appreciate and avoid. Jakubowski, 327 Ill. App. 3d at 633.

Defendant contends that, under the Kahn doctrine, defendant owed no duty to plaintiff because her crossing the railroad tracks presented an open and obvious risk that she should have appreciated and avoided. In the present case, though, plaintiff brings her cause of action under the "frequent trespass" doctrine, which is separate and distinct from the Kahn doctrine. In Miller v. General Motors Corp., 207 Ill. App. 3d 148 (1990), the appellate court explained the rationale for the frequent trespass doctrine:

"[This exception has] developed because of the concern that human safety ought to be more important than the landowner's interest in unrestricted freedom to use his own land as he sees fit. This view is especially prevalent in cases in which the burden on the landowner and the expense in taking precautions to prevent harm are not great. [Citation.] If that burden is very slight, and if the risk of harm to the trespasser is correspondingly very great, some commentators have found good reason to hold the landowner liable for injuries sustained on his land by the trespasser. This rule applies mostly in the case of frequent trespass upon a limited area." Miller, 207 Ill. App. 3d at 155.

The Miller court further observed:

No. 1-05-0002

"This duty is imposed because the burden of looking out for trespassers is not great. A typical case is the frequent use of a 'beaten path' that crosses a railroad track, which is held to impose a duty of reasonable care as to the operation of trains." Miller, 207 Ill. App. 3d at 155.

Thus, where the landowner is aware of the presence of frequent trespassers and a corresponding risk of danger to them, the frequent trespass doctrine imposes a duty of care on him to prevent harm. The frequent trespass doctrine is focused, then, not on the trespasser's knowledge of the risks involved, but rather on the landowner's knowledge of the risks. Unlike the Kahn doctrine, the issue of whether the risk was open, obvious, and capable of being appreciated and avoided by the trespassers is irrelevant to the analysis under the frequent trespass doctrine; the only issue is whether the landowner appreciated the risk and was in a position to prevent harm.

In further support of our holding, we cite illustration 3 accompanying section 334 of the Restatement (Second) of Torts, which provides an example of when the frequent trespass doctrine allows a plaintiff to recover:

"3. The A Railway Company has knowledge of the fact that the inhabitants of the town of X have so persistently used a part of the right of way parallel to its track as a means of reaching their homes that they have worn a beaten path beside the track. This path is at a point where the tracks curve sharply, and it is so close to the tracks as to make its use dangerous while trains are passing. B, one of the inhabitants of the town of X, is walking along the path on his way home from the station. A locomotive of the A

No. 1-05-0002

Company is driven around the curve at a high rate of speed in the same direction as that in which B is walking, without a headlight and without ringing its bell. It strikes B. The A Railway Company is subject to liability to B." Restatement (Second) of Torts §334, at 188 (1965).

In accordance with the case law cited earlier in this opinion, the Restatement's illustration focuses on the <u>landowner's</u> knowledge of a risk of danger to frequent trespassers, not on whether the risks were open, obvious and capable of being appreciated by the trespassers.

Defendant cites several other cases holding that owners and occupiers of land generally owe no legal duty to take precautions or warn against risks from open or obvious conditions present on the land. See, <u>e.g.</u>, <u>Bucheleres v. Chicago Park District</u>, 171 Ill. 2d 435 (1996). However, those cases are inapplicable as they do not involve the application of the frequent trespass doctrine. Defendant cites no cases holding that an open and obvious danger negates a landowner's duty under the frequent trespass doctrine.

Defendant next contends that the frequent trespass doctrine is contrary to the Trespassing on Railroad Property Act (625 ILCS 5/18c-7503(1)(a) (West 2002)), which prohibits trespassing on railroad property. Defendant also contends that the doctrine should be abolished. Defendant's argument is without merit, as our supreme court has specifically affirmed the continued existence of the frequent trespass doctrine. See <u>Lee</u>, 152 Ill. 2d 432.

In conclusion, we answer the first certified question by holding that any open and obvious risk in crossing the railroad track did not negate the defendant's duty toward plaintiff under the frequent trespass doctrine.

III.  Certified Question No. 2

The second certified question asks whether, under section 3-102(a) of the Tort Immunity Act, "a local public entity's duty to exercise ordinary care to maintain its property in a reasonably safe condition for 'intended and permitted users' [applies] only to passive conditions of the premises or does such duty also apply to activities or operations conducted on the premises by the local public entity?"

Section 3-102(a) states:

"Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such  condition."  745 ILCS 10/3-102(a) (West 2002).

Defendant contends that it owed plaintiff no duty under section 3-102(a) because, as a trespasser, plaintiff was not an intended and permitted user of the railroad tracks upon which she was injured.  Defendant contends that, in the absence of a duty, section 3-102(a) immunizes it from liability toward plaintiff.  Plaintiff responds that section 3-102(a) expressly applies only when a person is injured by a "condition" of the property, and that it does not apply where, as here, the plaintiff was injured by an activity (i.e., by the train engineer's allegedly negligent

operation of a train on its tracks.)

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. City of Chicago v. Illinois Commerce Comm'n, 286 Ill. App. 3d 557, 559 (1997). The most reliable indication of legislative intent is the language of the statute itself. People v. Ellis, 296 Ill. App. 3d 862, 865 (1998). In interpreting a statutory provision, words should be given their plain and ordinary meaning. Ellis, 296 Ill. App. 3d at 865. Because the construction of a statute is a matter of law, review is de novo. City of Chicago, 286 Ill. App. 3d at 559.

The clear language of section 3-102(a) immunizes defendant from liability to persons who are not intended and permitted users of its property if they are injured by a "condition [of the property] that is not reasonably safe." (Emphasis added.) 745 ILCS 10/3-102(a) (West 2002). Defendant contends that the word "condition" encompasses activities and operations conducted on the property. We disagree. McCuen v. Peoria Park District, 163 Ill. 2d 125 (1994), is instructive. In McCuen, our supreme court addressed the meaning of the word "condition" as used in section 3-106 of the Tort Immunity Act, which immunizes local public entities for liability in negligence based on "the existence of a condition of any public property intended or permitted to be used for recreational purposes." (Emphasis added.) 745 ILCS 10/3-106 (West 2002). While visiting a park owned and operated by the Peoria Park District, McCuen was told by a park district employee to climb onto a hayrack in order to take a mule-drawn hayrack ride. McCuen, 163 Ill. 2d at 126. While the employee was harnessing the mules, he slapped a strap over one of the mules, causing the mule team to suddenly bolt and run off with the driverless haystack. McCuen, 163 Ill. 2d at 126-27. McCuen was thrown to the ground and

No. 1-05-0002

injured. She subsequently brought suit against defendant park district. <u>McCuen</u>, 163 Ill. 2d at 127.

The issue on appeal was whether the driverless hayrack was a "condition" of public property within the meaning of section 3-106. Our supreme court held:

"We do not believe that a driverless hayrack is a condition of public property within the meaning of section 3-106. Plaintiffs do not claim that the hayrack itself was dangerous, defective or negligently maintained, only that the mule team was not handled properly by the park district employee. The handling of the mule team does not relate to the condition of the hayrack itself. If otherwise safe property is misused so that it is no longer safe, but the property itself remains unchanged, any danger presented by the property is due to the misuse of the property and not to the condition of the property." <u>McCuen</u>, 163 Ill. 2d at 129.

In effect, the supreme court held that section 3-106 immunizes defendant for liability in negligence where the property itself is unsafe, but that section 3-106 does not immunize defendant for unsafe activities conducted upon otherwise safe property.

The same analysis applies to section 3-102(a), which provides that local public entities owe no duty (<u>e.g.</u>, are immunized) for injuries arising from the unsafe "condition" of its property where the injured party was not an intended or permitted user of the property. Section 3-102(a) provides no similar immunity for persons injured by unsafe activities conducted on the property. Thus, in answer to the certified question, section 3-102(a) immunity applies where the following two requirements are met: (1) the injured party was not an intended and permitted user of the

˘11˘

No. 1-05-0002

property; and (2) the injury arose from the condition of the property. Section 3-102(a) immunity does not apply where the injuries arose from an unsafe activity conducted on otherwise safe property.

Defendant contends that section 3-102(a) is a codification of the common-law rule requiring a municipality to maintain its property in a reasonably safe condition, and that the common-law duty to maintain property in a reasonably safe condition includes both the condition of the property and the activities occurring thereon. Therefore, defendant contends that section 3-102(a) should be construed as immunizing it for injuries to persons who are not intended and permitted users of the property, when those injuries arise from activity conducted on the property. Defendant's contention is without merit, as section 3-102(a) expressly refers only to the "condition" of the property, not to the activities thereon. See our discussion above.

Review of an appeal under Rule 308 is limited to the question identified by the circuit court (Village of McCook v. Illinois Bell Telephone Co., 335 Ill. App. 3d 32, 35 n. 4 (2002)); therefore, we offer no opinion on the propriety of the underlying order denying defendant's motion for summary judgment.

Certified questions answered; cause remanded.

O'MARA FROSSARD and NEVILLE, J.J.'s concur.