# Illinois Official Reports

## Appellate Court

---

### *Pattullo-Banks v. City of Park Ridge*, 2014 IL App (1st) 132856

---

| | |
|---|---|
| Appellate Court Caption | LORRAINE PATTULLO-BANKS and GEORGE BANKS, Plaintiffs-Appellants, v. THE CITY OF PARK RIDGE, a Municipal Corporation, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-2856 |
| Opinion filed upon denial of rehearing | September 4, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action against defendant city for the injuries plaintiff suffered when she was walking on a sidewalk, encountered a section of the sidewalk that was blocked by snow and ice the city had plowed onto the sidewalk from the city streets during a snowstorm and was struck by a car when she was forced to cross a street where there was no marked crosswalk, the trial court erred in entering summary judgment for the city on the grounds that plaintiff was not an intended user of the street where she was hit by the car and that the city was immune from liability under the Tort Immunity Act because the city's duty to exercise ordinary care to maintain the street in a reasonably safe condition only applied to intended or permitted users, and since plaintiff alleged that the city breached its duty to exercise ordinary care to maintain the sidewalk, plaintiff's status as an intended or permitted user was irrelevant; therefore, the entry of summary judgment for the city was reversed and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-1459; the Hon. Lynn M. Egan, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Peter M. King and William H. Jones, both of Canel, King & Jones, of Chicago, for appellants.

Jay S. Judge and Thomas N. Osran, both of Judge, James & Kujawa, LLC, of Park Ridge, for appellee.

Panel

JUSTICE HOWSE delivered the judgment of the court, with opinion. Presiding Justice Fitzgerald Smith and Justice Epstein concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiffs Lorraine Pattullo-Banks and George Banks appeal from an order of the circuit court of Cook County entering summary judgment in favor of defendant, the city of Park Ridge, in the lawsuit they filed to recover damages for personal injuries suffered by Lorraine Pattullo-Banks. In the complaint, plaintiffs alleged that the city of Park Ridge breached its duty to maintain its property in a reasonably safe condition for intended and permitted users of the sidewalk, which caused Pattullo-Banks' injuries. Plaintiffs' complaint alleged that Pattullo-Banks was walking near a train station on a city of Park Ridge sidewalk located along Touhy Avenue when she encountered an unnatural accumulation of snow and ice which obstructed her pathway. Plaintiffs alleged that the city of Park Ridge created the obstruction during snow removal operations when it plowed snow from the public streets onto the sidewalk, making the sidewalk impassable. Because the sidewalk was obstructed, the complaint alleges, in order to reach her destination Pattullo-Banks was forced to cross Touhy Avenue at the point of the obstruction, where there was no marked crosswalk. Pattullo-Banks was injured when she was struck by a car while attempting to cross the street. Plaintiffs sought damages for Lorraine's personal injury and George Banks sought damages for loss of consortium.

¶ 2    The city of Park Ridge (the City) filed a motion for summary judgment. The City argued that section 3-102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-101 *et seq.* (West 2008)) provides that a local public entity has a duty to exercise ordinary care to maintain its property in a reasonably safe condition only for the ordinary use of intended or permitted users. See 745 ILCS 10/3-102(a) (West 2008). The City argued it is immune from the damages claims because Pattullo-Banks was not an intended or permitted user of the street where her injury occurred. In response, plaintiffs argued that the city of Park Ridge did owe Pattullo-Banks a duty because she was an intended and permitted user of the sidewalk.

¶ 3    The trial court agreed with the city of Park Ridge and dismissed the complaint, finding that the City was immune from liability for Pattullo-Banks' injuries because Pattullo-Banks was not an intended user of Touhy Avenue where she was injured.

¶ 4          In most of the cases cited by the parties construing section 3-102(a), the breach of the duty to exercise ordinary care to maintain property in a reasonably safe condition and the alleged resulting injury occurred on the same property. However, in this case the breach of duty occurred on the sidewalk but the injury occurred in the street. This appeal presents us with the following issue: Where a public entity allegedly breached its duty to maintain its property in a reasonably safe condition and the public entity asserts it is immune under section 3-102(a), is the plaintiff's status as an intended or permitted user determined by the place where the alleged breach of duty to maintain property occurs or where plaintiff's injury occurs? Based on our reading of the statute, we find that where a plaintiff alleges that a municipality breached its duty to use ordinary care to maintain its property and the defendant invokes section 3-102(a) of the Tort Immunity Act as a defense, the issue of whether the plaintiff was an intended and permitted user is to be determined based upon the property for which the city is alleged to have breached its duty rather than the place where the injury occurred. As such, we find the trial court applied the wrong standard here when it dismissed plaintiffs' claim based on its finding that Pattullo-Banks was not an intended or permitted user of the street, which was merely the place where her injury occurred. Accordingly, we reverse the trial court's grant of summary judgment in favor of the city of Park Ridge and remand this matter to the trial court for further proceedings.

¶ 5                                        BACKGROUND
¶ 6          This is the second time this case has been appealed. Plaintiffs filed the first appeal from the trial court's dismissal of the city of Park Ridge, as well as other defendants in the case, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2008)). *Pattullo-Banks v. City of Park Ridge*, Nos. 1-10-0498, 1-10-0901 cons. (2011) (unpublished order under Supreme Court Rule 23). We found that the trial court improperly dismissed those claims. Specifically, we found that for purposes of a section 2-619(a)(9) motion, it was insufficient for the city of Park Ridge to attach an affidavit stating that there was no crosswalk where Pattullo-Banks was struck by a car because that merely rebutted plaintiffs' well-pled allegation that there was an unmarked crosswalk where she was struck by a car. Thus, because the city of Park Ridge failed to offer an affirmative matter to negate the claim in plaintiffs' complaint, we reversed the trial court's dismissal pursuant section 2-619(a)(9) and remanded the matter for further proceedings. In so ruling, we noted that we were not addressing the merit of plaintiffs' allegations that the city of Park Ridge owed Pattullo-Banks a duty.
¶ 7          Following remand, plaintiffs amended their complaint. Count III of plaintiffs' second amended complaint, titled "Breach of Duty, Negligence," against the city of Park Ridge alleges that the city of Park Ridge owed Pattullo-Banks numerous duties that it breached, which included: a duty not to create or aggravate an unnatural accumulation of snow and ice on the public walkways; a duty to provide known and permitted users of the train station with safe and reasonable means of egress from the train station; a duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people who Park Ridge intended and permitted to use the property; and a duty to warn commuters and other pedestrians that if they exited the train station onto the south side of Touhy Avenue, there would be no safe way to get to the north side.

¶ 8    On April 2, 2013, the city of Park Ridge filed a motion for summary judgment. In the motion, the City argued that it owed no duty to Pattullo-Banks pursuant to section 3-102(a) of the Tort Immunity Act because she was not an intended user of Touhy Avenue where she was struck by a car. In support of its motion, the City offered the testimony of a Park Ridge police sergeant and accident reconstructionist Kirk Ashelman, the testimony of City Engineer Sarah Mitchell, and numerous photographs of the property in question. Both witnesses offered testimony that there was no marked or unmarked crosswalk where 3rd Street intersects Touhy Avenue, the site where plaintiff was struck by a car.

¶ 9    In response, plaintiffs argued that the city of Park Ridge owed Pattullo-Banks a duty because the City was negligent in creating an unnatural accumulation of snow and ice on the sidewalk. Plaintiffs argued that the issue of whether Pattullo-Banks was in a crosswalk was irrelevant. Alternatively, plaintiffs argued that Pattullo-Banks was in an unmarked crosswalk at the time she was struck by a car. In support of this argument, plaintiffs offered the definition of a "crosswalk" as defined by section 1-113 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/1-113 (West 2008)), as well as photographs of the property at issue.

¶ 10    On August 5, 2013, the trial court granted summary judgment in favor of the city of Park Ridge because it found that the City did not owe Pattullo-Banks a duty. Specifically, the trial court found that the testimony of the City's witnesses, along with the photographs of the property at issue, showed that there was no marked or unmarked crosswalk where Pattullo-Banks was injured. Finding that a city does not owe a duty to a pedestrian crossing the street outside of any crosswalk pursuant to section 3-102(a) of the Tort Immunity Act, the trial court granted summary judgment in favor of the city of Park Ridge.

¶ 11    Plaintiffs appealed the trial court's ruling granting summary judgment in favor of the city of Park Ridge. We reversed and remanded the trial court's ruling in a June 26, 2014, Illinois Supreme Court Rule 23 order (Ill. S. Ct. R. 23(b) (eff. July 1, 2011)). *Pattullo-Banks v. City of Park Ridge*, 2014 IL App (1st) 132856-U. The city of Park Ridge subsequently filed a petition for rehearing. We withdrew our Rule 23 order on August 14, 2014. For the reasons that follow, the city of Park Ridge's petition for rehearing is denied and the trial court's ruling is reversed.

¶ 12                                          ANALYSIS

¶ 13    Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). Summary judgment in favor of a defendant is proper where the plaintiff fails to establish an element of a cause of action. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). In order to maintain a cause of action for negligence, plaintiffs must establish that the city of Park Ridge owed a duty of ordinary care, breached that duty, and an injury was proximately caused by that breach. See *Curatola v. Village of Niles*, 154 Ill. 2d 201, 207 (1993). The existence of a duty and the existence of immunity are separate issues. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 388 (1996). We review summary judgment rulings *de novo*. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). Section 3-102(a) of the Tort Immunity Act, titled "Care in maintenance of property; constructive notice," states:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use

the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-102(a) (West 2008).

¶ 14    In its motion for summary judgment, the city of Park Ridge argues that for purposes of section 3-102(a) immunity, Pattullo-Banks was neither an intended nor permitted user of the street because she was crossing the street outside a crosswalk when she was struck by a car. As a result, the City argues, it did not owe her a duty of care under the Tort Immunity Act, and the City is immune from any liability arising from her injuries. We disagree.

¶ 15    It is well established that the Tort Immunity Act does not create duties; "[r]ather, the Act merely codifies those duties existing at common law, to which the subsequently delineated immunities apply." (Internal quotation marks omitted.) *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill. 2d 484, 490 (2001). Section 3-102(a) of the Tort Immunity Act codified the duty of the city of Park Ridge to exercise ordinary care in the maintenance of its property for intended and permitted users of its property. 745 ILCS 10/3-102(a) (West 2008). The immunity provided in section 3-102(a) applies where a public entity breaches its duty to exercise ordinary care to maintain its property in a reasonably safe condition but (1) the entity did not have actual or constructive notice of the unsafe condition in reasonably adequate time prior to an injury to have taken measures to remedy or protect against the condition, or (2) the injured party failed to use ordinary care or was not an intended and permitted user of the property. 745 ILCS 10/3-102(a) (West 2008). In other words the issue of whether or not an injured party is an intended and permitted user of property does not arise unless there is a claim of a breach of duty to exercise reasonable care to maintain property for the benefit of intended and permitted users.

¶ 16    In this case, plaintiffs clearly allege that the city of Park Ridge breached its duty of care by failing to exercise reasonable care to maintain the sidewalk. Plaintiffs make no claim that the city of Park Ridge breached its duty to exercise reasonable care to maintain the street or that plaintiff was injured because of the improper maintenance of the street. Pattullo-Banks' status as an intended or permitted user of the street is irrelevant to a determination of whether the City has immunity under section 3-102(a) because there is no claim the City breached its duty to maintain the street to which immunity could even apply. See 745 ILCS 10/3-102(a) (West 2008).

¶ 17    Under the plain language of the Tort Immunity Act, where a public entity has allegedly breached the duty to maintain property for intended and permitted users of the property, we must look to the property where the breach allegedly occurred to answer the question of whether the injured party was an intended or permitted user of the property. Thus, Pattullo-Banks' status as an intended or permitted user–and whether immunity applies–must be determined based on the property where the alleged breach of duty occurred (the sidewalk), not the property where the injury occurred (the street), and not the mechanism of her injury (*i.e.*, whether she was struck by an automobile or tripped on a defect). The trial court granted summary judgment in favor of the city of Park Ridge based on its finding that Pattullo-Banks was not an intended and permitted user of the street. The trial court granted summary judgment on an improper basis and its judgment must be reversed.

¶ 18     The existence of a duty, whether there was a breach of that duty, and whether that breach was the proximate cause of the plaintiff's injuries are each separate questions. The focus on whether the City owed a duty to Pattullo-Banks while she was crossing the street was misplaced. Plaintiffs note that their allegations arise from the claim that the city of Park Ridge negligently failed to clear the sidewalk of an unnatural accumulation of snow and ice. Although the City argued in its motion for summary judgment that it had no duty to clear the sidewalk at issue, it is well established that a city has a duty to keep its sidewalk in a reasonably safe condition for pedestrians. *Kiel v. City of Girard*, 274 Ill. App. 3d 821, 825 (1995) ("a public entity may be liable for unnatural accumulations of ice and snow, provided that the public entity has violated its duty to exercise ordinary care, even absent a showing that the underlying sidewalk or street was defective").

¶ 19     In *Kiel*, the plaintiff and her husband drove up to and pulled over alongside a sidewalk that was bordered by a curb. *Kiel*, 274 Ill. App. 3d at 823. When the plaintiff exited the car, she stepped over a mound of snow on the curb in order to reach the plowed sidewalk. *Id*. The mound of snow on the curb was created as a result of plowing the sidewalk and a parking lot. *Id*. After paying her bills and on her way back to the car, the plaintiff again attempted to step over the curb where the mound of snow was located, and she fell and injured herself. *Id*. The jury entered a verdict in the plaintiff's favor, but the appellate court reversed that verdict, finding that it was against the manifest weight of the evidence. *Id*. at 828. Specifically, the court stated:

> "Although the evidence was sufficient to establish that the City created an unnatural accumulation of snow and that plaintiff's injuries would not have occurred without this unnatural accumulation, the evidence does not establish that the City breached its duty of ordinary care.
>
>    The City created a small, but easily visible, mound of snow on the curb as a side effect of its street and sidewalk-clearing efforts. There was nothing unusual about the size or placement of this mound. Snow cleared from pathways must be placed somewhere. Elsewhere, the City took the extraordinary measure of collecting snow from curbside and depositing it in the park. However, the mere fact that the City failed to use extraordinary measures everywhere does not mean it failed to use ordinary care here." *Id.* at 827.

¶ 20     Thus, while the court in *Kiel* held that the verdict was against the manifest weight of the evidence, it was because there was nothing unusual about "the size or placement of this mound." *Id.* The court in *Kiel* held that "[r]equiring prompt cleanup of all snow plowed curbside would place an enormous burden on cities, and such a duty would have the consequence of discouraging snow removal." *Id.* at 828. The court held that "Illinois law imposes no such duty." *Id.*

¶ 21     To the extent the *Kiel* court found the city did not have a duty to immediately remove plowed snow the holding is limited to the facts of that case and is inapplicable here and does not affect its holding that a duty to maintain the sidewalk exists. *Id.* at 827-28. *Kiel* involved a small amount of snow plowed "off the sidewalk and onto the curb." *Id.* at 823. The court in *Kiel* still clearly recognized the duty of a city to clear unnatural accumulations of ice and snow from its sidewalks. *Id.* at 825 ("where a landowner negligently performs ice and snow removal, adding to or creating a new hazard, he may be liable for a resulting injury"). In this case, we are not dealing with a small amount of snow cleared from a sidewalk and onto a curb but, rather,

snow that the City plowed onto the sidewalks and then failed to clear, allegedly making them impassable in the exercise of ordinary care. "It is well settled that a city owes a duty to keep its streets and sidewalks safe for the purpose for which they are intended and for the use of those who are themselves exercising ordinary care." *Thorsen v. City of Chicago*, 74 Ill. App. 3d 98, 107 (1979). Whether the City breached that duty is a factual matter for the trier of fact to decide. *Hornacek v. 5th Avenue Property Management*, 2011 IL App (1st) 103502, ¶ 27.

¶ 22    In its motion for summary judgment and petition for rehearing, the city of Park Ridge argues three decisions by our supreme court control the outcome of this case. They are *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417 (1992), *Vaughn v. City of West Frankfort*, 166 Ill. 2d 155 (1995), and *Boub v. Township of Wayne*, 183 Ill. 2d 520 (1998). In each of those cases our supreme court found that a city had no duty to a pedestrian injured in a street or roadway. However, we find those cases are easily distinguished. In *Wojdyla*, 148 Ill. 2d at 419, the plaintiff alleged that the city was negligent in the placement and maintenance of streetlights on the highway. The plaintiff argued that the city's failure to maintain the streetlights was the cause of the decedent's death when a driver of a vehicle was unable to see the decedent and hit him as a result. *Id*. Ultimately, the court found that the city was immune under section 3-102(a) of the Tort Immunity Act because it determined that the decedent was not an intended user of the street where he was hit. *Id*. at 424. The present case can be distinguished from *Wojdyla* because there the alleged breach of duty was failure to "maintain" the street (the failure to illuminate the street) and the injury occurred at the site of the breach on the street (being struck due to the inadequate illumination). Here, the alleged breach of duty was failure to maintain the sidewalk but the injury occurred at a different site.

¶ 23    In *Vaughn*, 166 Ill. 2d 155, the plaintiff sought recovery for injuries caused as a result of stepping into a hole in the street while crossing. *Vaughn*, 166 Ill. 2d at 157. Ultimately, the court found that the city was immune under section 3-102(a) of the Tort Immunity Act because the plaintiff was not an intended user of the street where he was injured. *Id*. at 158-65. In *Vaughn*, the plaintiff was injured at the location of the alleged breach of duty to maintain property. But in this case, the city of Park Ridge is alleged to have breached its duty to maintain the sidewalk, which resulted in an injury in the street. That difference distinguishes this case from the *Vaughn* case. Similarly, in *Boub*, 183 Ill. 2d at 522, the plaintiff was thrown from his bicycle when his front tire became stuck between two planks on a bridge. *Boub*, 183 Ill. 2d at 522. The court found that the city was immune under section 3-102(a) of the Tort Immunity Act because the plaintiff was not an intended user of the bridge, where he was injured. *Id*. at 535-36.

¶ 24    In the cases on which the city of Park Ridge relies, the plaintiffs made allegations that their injuries were caused by the defendants' failure to exercise ordinary care to maintain a street or bridge. In those cases, when the defendants raised section 3-102(a) immunity as a defense, the court was required to determine whether the plaintiffs were intended and permitted users of the street or bridge because the street or bridge was the property that the plaintiffs alleged had been negligently maintained by the defendants. In those cases, the property the plaintiffs alleged was negligently maintained and the property where the injury occurred were the same. Unlike those cases, here plaintiffs allege that the City negligently maintained the sidewalk. Accordingly, plaintiff's status as a permitted and intended user should be determined for the sidewalk. Her status as a permitted and intended user of the street is irrelevant to the immunity question, as her injuries are not alleged to have arisen out of a condition of the street.

¶ 25    Aside from the plain language of section 3-102(a) of the Tort Immunity Act, we find further support for our interpretation of section 3-102(a) in *Nelson v. Northeast Illinois Regional Commuter R.R. Corp.*, 364 Ill. App. 3d 181 (2006). In *Nelson*, a 15-year-old minor was injured while she was trespassing on the defendant's railroad track and was struck by a train. *Nelson*, 364 Ill. App. 3d at 183. The railroad was owned by defendant METRA, a municipal corporation. *Id*. The minor plaintiff filed a complaint against METRA under the frequent trespass doctrine alleging that METRA was aware that children frequently trespassed on the property and did nothing to prevent potential harm to those children. *Id*. at 186. In response, the defendant claimed that it was immune from the plaintiff's allegations under section 3-102(a) of the Tort Immunity Act because the plaintiff was not an intended or permitted user of the railroad tracks where she was injured. *Id*. at 188. The *Nelson* court held that "section 3-102(a) immunity applies where the following two requirements are met: (1) the injured party was not an intended and permitted user of the property; and (2) the injury arose from the condition of the property. Section 3-102(a) immunity does not apply where the injuries arose from an unsafe activity conducted on otherwise safe property." *Nelson*, 364 Ill. App. 3d at 190. The *Nelson* court went on to state that "section 3-102(a) expressly refers only to the 'condition' of the property, not to the activities thereon." *Id*.

¶ 26    Here, plaintiffs do not allege that Pattullo-Banks was injured as a result of a condition of the street where she was injured. As such, it cannot be said that plaintiff's injury arose from a breach of the City's duties to maintain the street. Instead, her "injuries arose from an unsafe activity [crossing at an unmarked crosswalk] conducted on otherwise safe property [the street]" (*id*.), and the Tort Immunity Act does not grant the City immunity under such a scenario (*id*.). As such, the trial court's summary judgment order for the city of Park Ridge must be reversed.

¶ 27    If plaintiffs establish the City was negligent in creating an unnatural accumulation of ice and snow on the sidewalk, the proper question at that point becomes whether the alleged breach of duty to maintain the sidewalk was a proximate cause of Pattullo-Banks' injury in the street. The city of Park Ridge also raised in its petition for rehearing that the plaintiff violated state law by failing to cross the street at a designated crosswalk. However, not only was this issue not raised in the City's motion for summary judgment and not properly before us on appeal, but Pattullo-Banks' crossing Touhy where she did and any alleged violation of traffic laws are questions of proximate cause. *Johnson v. City of Rockford*, 35 Ill. App. 2d 107, 120 (1962) ("Whether or not the piling of the snow and ice on the sidewalk and permitting it to remain there was the proximate cause or one of the proximate causes of the injury in question, we believe to be a question of fact to be determined by a jury ***."); *Parkin v. Rigdon*, 1 Ill. App. 2d 586, 593 (1954) ("such conduct on the part of the pedestrian will not of itself preclude recovery on the ground of contributory negligence if the violation of the statute is not the proximate cause of the injury").

¶ 28    In similar circumstances, the court has found that when it is established that a city has breached its duty to maintain its sidewalks or otherwise provide a safe place to walk, or else give notice that the street is closed to pedestrian traffic (*Thorsen*, 74 Ill. App. 3d at 107), the next issue is whether the city's breach constitutes a proximate cause of the plaintiff's injuries. *Thorsen*, 74 Ill. App. 3d at 107-09. In *Thorsen*, the plaintiff was struck by an automobile while walking in the street. *Id*. at 101. The plaintiff testified that the city "failed to maintain a sidewalk[,] *** making it necessary for pedestrians to use the street." *Id*. The area where the

plaintiff in *Thorsen* was struck had no sidewalks and the area where the sidewalk had been was a dirt area, which at the time was very muddy with large puddles and may have been blocked by construction trailers and equipment. *Id.* at 103-04. The *Thorsen* court first found that the city had a duty to "maintain a sidewalk or provide a safe means of pedestrian travel." *Id.* at 106. The court cited *Johnson* for the proposition that "because it was reasonably foreseeable that the plaintiff would be struck by an automobile after being forced into the street, the question [of whether the breach of duty constituted a proximate cause of the injury] was one of fact for the jury." *Id.* at 109 (citing *Johnson*, 35 Ill. App. 2d at 114-20).

¶ 29    While the trial judge suggested in her ruling on summary judgment that *Wojdyla* somehow overruled *Thorsen* and *Johnson*, this is not the case. *Wojdyla* dealt with injuries arising from a condition of the street where the injury occurred: inadequate lighting. *Thorsen* and *Johnson* dealt with injuries that arose from an unsafe activity conducted on otherwise safe property; which, as noted earlier, is an important distinction. Moreover, *Thorsen* and *Johnson*, like this case, dealt with an allegedly negligent failure to maintain property in one location that may be a proximate cause of an injury in another location. In our view, *Thorsen* and *Johnson* remain unaffected by *Wojdyla* and are good law.

¶ 30    Ordinarily, questions concerning proximate cause are factual matters for the jury to decide. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 156 (1990). However, the issue of proximate cause can become a question of law when the facts are not only undisputed but are such that there can be no difference in the judgment of reasonable persons as to the inferences to be drawn from them. *Durbin v. St. Louis Slag Products Co.*, 206 Ill. App. 3d 340, 357 (1990). In *Arbogast v. Fedorchak*, 44 Ill. App. 2d 160 (1963), the court determined the issue of proximate cause as a matter of law where the plaintiff was struck by a car after she abruptly exited a bus after realizing she had forgotten her bus pass. The plaintiff alleged that the bus driver stopped over the crosswalk, forcing the plaintiff to cross the street outside of the crosswalk, where she was then hit by a car. *Arbogast*, 44 Ill. App. 2d at 167. The appellate court found that judgment notwithstanding the verdict in favor of the defendant was appropriate, stating: "We do not believe that reasonable minds should say that the bus driver could reasonably foresee plaintiff's injury, as it occurred, following from his blocking of the rear crosswalk. In our judgment the bus, standing where it was, merely created a condition which was at most a remote cause of plaintiff's injury." *Id.* at 169.

¶ 31    On the other hand, in *Scerba v. City of Chicago*, 284 Ill. App. 3d 435, 439 (1996), the court reversed the trial court's ruling on summary judgment in favor of the city where a Chicago Transit Authority bus was blocking the crosswalk, forcing the plaintiff's child to cross the street outside of a marked crosswalk, where the child was then hit by a car. In reversing the trial court, this court noted "a reasonable jury could find an unbroken causal connection between the blocked intersection and the injury." *Scerba*, 284 Ill. App. 3d at 441. Although the court recognized that the child foolishly rejected several safe routes for the risky path the child ultimately took, the court noted that the "availability of another route, standing alone, is not enough to erase the foreseeability of [the child] pursuing the path he traveled." *Scerba*, 284 Ill. App. 3d at 441. See also *Thompson v. County of Cook*, 154 Ill. 2d 374 (1993) (finding that a driver's actions in driving drunk, speeding, and eluding the police were the sole proximate cause of the plaintiff's injuries thereby breaking any causal connection between the city's alleged negligence in failing to adequately warn motorists of a curve in the road and the plaintiff's injuries).

¶ 32        In this case, whether the alleged breach of the city of Park Ridge's duty to use ordinary care to maintain its sidewalks in a reasonably safe condition was a proximate cause of Pattullo-Banks being struck by an automobile while crossing Touhy cannot be decided as a matter of law. We find that reasonable minds could say the City could reasonably foresee Pattullo-Banks' injury, as it occurred, following from its blocking of the sidewalk. Assuming, *arguendo*, that her chosen path was "risky," that is not enough to erase the foreseeability of her choosing that path. As in *Scerba*, "a reasonable jury could find an unbroken causal connection between the blocked [sidewalk] and the injury." *Scerba*, 284 Ill. App. 3d at 441. Nor can we say that any alleged violation of the traffic law was the sole proximate cause of the injury. *Rigdon*, 1 Ill. App. 2d at 593. "The question of whether the negligence of plaintiff was the sole proximate cause or a contributing cause of the injury is an issue for the jury to decide under principles of comparative negligence." *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 205 (2000).

¶ 33        We reiterate that we are making no determination as to the presence of any marked or unmarked crosswalks, that there was a breach of duty, or that a breach of duty was a proximate cause of Pattullo-Banks' injury. We are holding that the trial court misapplied section 3-102(a) because the alleged breach of duty did not occur in the street; therefore, whether Pattullo-Banks was a permitted or intended user of the street is irrelevant. Because the plaintiff here alleged the City breached its duty to exercise ordinary care to maintain the sidewalk, under the clear language of the statute her status as an intended or permitted user of the sidewalk is the relevant consideration. Conversely, because there is no allegation that the city of Park Ridge breached its duty to exercise ordinary care to maintain the street, Pattullo-Banks' status as an intended or permitted user of the street is irrelevant to determine whether immunity applies under section 3-102(a). The trial court erred when it dismissed the case on that basis. Accordingly, its judgment must be reversed.

¶ 34                               CONCLUSION

¶ 35        For the reasons stated above, we reverse the trial court's grant of summary judgment in favor of the city of Park Ridge and remand this matter for further proceedings.

¶ 36        Reversed and remanded.